JOHN R. CONGER, Esq./SB# 168114
BILL J. KUENZINGER, Esq./SB#159168
BROWN, HALL, SHORE & McKINLEY
3031 West March Lane, Suite 230 W
Stockton, CA 95219-6500
jconger@bhscmk.com
bkuenzinger@bhsmck.com
Telephone: (209) 477-8171
Facsimile: (209) 477-2549

Attorneys for Plaintiff

E-filing

FILED
FEB - 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BILL A. DUFFY, INC. a California corporation dba BDA SPORTS MANAGEMENT, <br><br> Plaintiff, <br><br> vs. <br><br> MERLE SCOTT, an individual, <br><br> Defendant. | Case No. CV 08 0878 EDL <br><br> COMPLAINT <br><br> DEMAND FOR JURY TRIAL <br><br> TRIAL DATE: NONE SET |

Plaintiff, BILL A. DUFFY, INC., a California corporation doing business as BDA SPORTS MANAGEMENT ("Plaintiff"), for its claims against Defendant, MERLE SCOTT, an individual ("Defendant"), alleges as follows:

PARTIES

1. Plaintiff, BILL A. DUFFY, INC., is and at all times mentioned herein was, a corporation, duly organized and existing under the laws of the state of California, with its principal place of business in Walnut Creek, Contra Costa County, California, and is

{00059777.}

- 1 -

COMPLAINT

1  and at all times mentioned here was, doing business as BDA SPORTS
2  MANAGEMENT.
3      2.   Defendant, Merle Scott, on information and belief, is, and
4  at all times mentioned herein was, an individual, over the age of 18
5  years, and a resident of Coconut Grove, Florida.

## JURISDICTION AND VENUE

7      3.   This Court has subject matter jurisdiction over this
8  action pursuant to 28 U.S.C. § 1332, as there is complete diversity
9  between Plaintiff and Defendant. Damages claimed in this Action
10 exceed $75,000, the jurisdictional minimum.
11     4.   This action arises out of a contract entered in this
12 judicial district, and breach of contract and wrongful acts
13 committed by Defendant in this judicial district, that subjects him
14 to personal jurisdiction here.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16     5.   On or about April 1, 2004, Plaintiff and Defendant entered
17 into a written contract in Walnut Creek, California, whereby
18 Defendant would act as a certified National Basketball Association
19 ("NBA") agent for purposes of recruiting and managing NBA basketball
20 players, and negotiating contracts for such players (such players
21 referred to hereafter as "clients"), both individually and in
22 conjunction with other agents engaged by Plaintiff (the
23 "Agreement").
24     6.   The Agreement provides that all clients are Plaintiff's
25 clients, whether managed by Defendant or by other agents of
26 Plaintiff, except as follows: (i) during the first year of the
27 Agreement, existing clients of Defendant prior to April 1, 2004,
28 would remain separate from Plaintiff in terms of revenue; and (ii)

{00059777.}  -2-

1 during the second year of the Agreement, existing clients of
2 Defendant prior to April 1, 2004, would remain separate from
3 Plaintiff in terms of revenue. Effective July 1, 2006, all existing
4 clients of Defendant became clients of Plaintiff for all purposes.

5  7.  During the term of the Agreement, Plaintiff paid certain
6 expenses of Defendant, and Defendant was paid a salary plus
7 commissions for his duties.

8  8.  The Agreement was effective from April 1, 2004 through
9 June 30, 2007.

10  9.  The Agreement expired on June 30, 2007, and was not
11 renewed. Clients belonging to Plaintiff following such expiration
12 would remain clients of Plaintiff unless they terminated Plaintiff's
13 services.

14  10. Despite the Agreement providing that all clients would
15 remain Plaintiff's, upon expiration of the Agreement Defendant in
16 breach of the Agreement demanded and received from certain players,
17 or their financial advisors, payment of all fees that are and were
18 rightfully due to be paid to Plaintiff.

19 FIRST CLAIM FOR RELIEF
20 Breach of Contract

21  11. The allegations set forth above are incorporated herein by
22 this reference as if fully set forth herein.

23  12. Plaintiff performed all requirements and conditions on its
24 part under the terms of the Agreement, except for those matters
25 which were subject to conditions precedent, which conditions
26 Defendant has not met.

27
28

{00059777.}                              - 3 -

13. Defendant has breached the Agreement, specifically those terms surviving expiration, to wit: Defendant has wrongfully taken fees due plaintiff from plaintiff's clients.

14. Plaintiff is entitled to these fees, and has been damaged in an amount according to proof, but in excess of the jurisdictional minimum of this Court.

### SECOND CLAIM FOR RELIEF

#### Conversion

15. The allegations set forth in paragraphs 1 through 10 above are incorporated herein by this reference as if fully set forth herein.

16. At all times mentioned herein, Plaintiff was, and is, entitled to possession of all personal property fees earmarked as agency fees paid to Defendant by clients of Plaintiff.

17. From and after July 1, 2007, Defendant has taken possession of such personal property and converted same to his own use and possession to the exclusion of Plaintiff's lawful right thereto.

18. As a proximate result of Defendant's wrongful conversion, Plaintiff has suffered, and continues to suffer, damages in an amount according to proof, but exceeding the minimum jurisdiction of this Court, which damages are the natural, reasonable, and proximate result of Defendant's conversion.

19. Between the time of Defendant's conversion of the above-mentioned property to his own use and the filing of this Action, Plaintiff has expended time and money in an amount according to proof, in pursuit of the converted property, all to Plaintiff's further damage.

20. The aforementioned acts of Defendant were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages in an amount according to proof.

### THIRD CLAIM FOR RELIEF

### Money Had and Received

21. The allegations set forth in Paragraphs 1 through 20 above, are incorporated herein by this reference as if fully set forth herein.

22. Within four (4) years last past, Defendant became indebted to Plaintiff for money had and received by Defendant as alleged above.

23. Defendant has failed and refused to repay said indebtedness to Plaintiff.

24. There is now due and owing by Defendant to Plaintiff an amount according to proof.

### FOURTH CLAIM FOR RELIEF

### Constructive Trust

25. The allegations set forth in Paragraphs 1 through 20 above, are incorporated herein by this reference as if fully set forth herein.

26. As a proximate result of the Defendant's wrongful conduct as alleged herein, Plaintiff has suffered, and continues to suffer, damages, in an amount according to proof, for loss of agency fees being received by Defendant, which fees rightfully belong to Plaintiff.

27. By reason of the wrongful manner in which the Defendants obtained his alleged right, claim or interest in and to the fees,

Defendant has no legal or equitable right, claim or interest therein, but, instead, Defendant is an involuntary trustee, holding said fees in constructive trust for Plaintiff with the duty to convey the same to Plaintiff forthwith.

<u>PRAYER</u>

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

AS TO THE FIRST CLAIM AGAINST DEFENDANT:

    A.    For damages in an amount according to proof;

    B.    For interest thereon at the maximum legal rate;

    C.    For costs of suit incurred; and

    D.    For such other and further relief as the Court may deem just and proper.

AS TO THE SECOND CLAIM AGAINST DEFENDANT:

    A.    For damages in an amount according to proof;

    B.    For all amounts expended as a result of having to pursue the converted property belonging to Plaintiff, including attorney's fees.

    C.    For interest thereon at the maximum legal rate;

    D.    For costs of suit incurred;

    E.    For punitive and exemplary damages in an amount according to proof; and

    F.    For such other and further relief as the Court may deem just and proper.

AS TO THE THIRD CLAIM AGAINST DEFENDANT:

    A.    For damages in an amount according to proof;

    B.    For interest thereon at the maximum legal rate;

    C.    For costs of suit incurred; and

1      D.    For such other and further relief as the Court may deem just and proper.

AS TO THE FOURTH CLAIM AGAINST DEFENDANT:

    A.    For a declaration that Defendant holds the agency fees as constructive trustee for the benefit of Plaintiff;

    B.    For a declaration that such fees be remitted to Plaintiff forthwith, including interest thereon at the maximum legal rate per annum;

    C.    For costs of suit incurred herein; and

    D.    For such other and further relief as the court may deem proper.

Plaintiff demands a trial by jury on all claims asserted herein.

Dated: February 6, 2008           BROWN, HALL, SHORE & McKINLEY

                                      JOHN R. CONGER
                                      Attorneys for Plaintiff

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
BILL A. DUFFY, INC. a California corpration dba BDA SPORTS MANAGEMENT

## DEFENDANTS
MERLE SCOTT, an individual

(b) County of Residence of First Listed Plaintiff: Contra Costa
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Miami-Dade County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
JOHN R. CONGER
BROWN, HALL, SHORE & McKINLEY
3031 West March Lane, Suite 230 W
Stockton, CA 95219

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury—Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury—Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | PERSONAL PROPERTY / 370 Other Fraud / 371 Truth in Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 350 Motor Vehicle | LABOR | SOCIAL SECURITY | 810 Selective Service |
| [x] 190 Other Contract | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury / 385 Property Damage Product Liability | | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | 730 Labor/Mgmt.Reporting & Disclosure Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 740 Railway Labor Act | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | PRISONER PETITIONS | | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 510 Motions to Vacate Sentence | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 791 Empl. Ret. Inc. Security Act | 871 IRS—Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | Habeas Corpus: 530 General / 535 Death Penalty / 540 Mandamus & Other / 550 Civil Rights / 555 Prison Condition | IMMIGRATION 462 Naturalization Application / 463 Habeas Corpus – Alien Detainee / 465 Other Immigration Actions | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332
Brief description of cause:
Breach of Contract and wrongful acts committed by defendant, damages claims exceed $75,000.00

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 1.4 million/per proof
- CHECK YES only if demanded in complaint: JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE: February 6, 2008
SIGNATURE OF ATTORNEY OF RECORD