1
2
3
4

SQUIRE, SANDERS & DEMPSEY L.L.P.
Michelle M. Full (State Bar # 240973)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone:  +1.415.954.0200
Facsimile:   +1.415.393.9887
mfull@ssd.com

5
6
7
8
9

Robert C.L. Vaughan, Esq. (Admitted Pro Hac Vice)
Mia A. Burroughs, Esq. (Admitted Pro Hac Vice)
200 South Biscayne Blvd., Suite 4000
Miami, Florida 33131
Telephone:      (305) 577-7000
Facsimile:      (305) 577-7001
rvaughan@ssd.com
mburroughs@ssd.com

10
11

Attorneys for Defendant
MERLE SCOTT

12

UNITED STATES DISTRICT COURT

13

NORTHERN DISTRICT OF CALIFORNIA

14

(SAN FRANCISCO DIVISION)

15

16
17

BILL A. DUFFY, INC., a California
corporation d/b/a BDA SPORTS
MANAGEMENT,

18

                              Plaintiff,

19

          vs.

20

MERLE SCOTT,

21

                              Defendant.

Case No.  3:08-cv-00878-EDL

**[E-Filing]**

**DEFENDANT MERLE SCOTT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION, FAILURE TO JOIN AN INDISPENSIBLE PARTY, FAILURE TO STATE A CLAIM, AND  IMPROPER VENUE**

Date:  May 20, 2008
Time:  1:15 pm
Place:  Courtroom E

22
23
24
25
26
27
28

1

# TABLE OF CONTENTS

2

**Page**

3

4

I.      INTRODUCTION AND FACTS .................................................................................. 1

5

6

II.     LEGAL ARGUMENT .............................................................................................. 3

7

8

      **A.**      **There is no Personal Jurisdiction Over Scott** ................................................ 3

9

      **B.**      **Even if this Court has jurisdiction over Scott, the Complaint Must be Dismissed for Failure to Join an Indispensable Party** ..................................... 7

10

11

      **C.**      **Plaintiff Fails to Attach or Adequately Allege or Identify the Contract Allegedly Sued Upon** ........................................................................................... 8

12

13

      **D.**      **Alternatively, This Case Should be Transferred to The Southern District of Florida** ................................................................................................................ 8

14

III.    CONCLUSION .................................................................................... ......9

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SQUIRE, SANDERS &**
**DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

TABLE OF CONTENTS
CASE NO. 3:08-cv-00878-EDL

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**FEDERAL CASES**

4

5

*Anrig v. Ringsby United*
  603 F.2d 1319 (9th Cir. 1978)................................................................ 7

6

*BDC Advisors, LLC v. JFK Health Systems, Inc.*
  1998 U.S. Dist. LEXIS 8003 (N.D. Cal. May 22, 1998) ....................... 4

7

8

*Burger King v. Rudzewicz*
  471 U.S. 462 (1985)............................................................................... 5

9

*Campell v. Allstate Insurance Co.*
  1995 U.S. Dist. LEXIS 21849 (C.D. Cal. May 17, 1995) ..................... 8

10

11

*Data Discount Inc. v. Systems Tech. Associates, Inc.*
  557 F.2d 1280 (9th Cir. 1977)................................................................ 3

12

*Econ. Research Services, Inc. v. Northwestern Corp.*
  2007 U.S. Dist. LEXIS 95441 (E.D. Cal. Dec. 21, 2007).................. 3, 4, 9

13

14

*International Shoe Co. v. Wash.*
  326 U.S. 310 (1945)............................................................................... 4

15

*Katerndahl v. Brindenberg Securities*
  1996 U.S. Dist. LEXIS 22024 (N.D. Cal. Dec. 6, 1996) .................... 4, 5

16

17

*Rio Properties, Inc. v. Rio International Interlink*
  284 F.3d 1007 (9th Cir. 2002)................................................................ 3

18

*Toler v. Acorn/Warn Int'l*
  2008 U.S. Dist. LEXIS 11539 (E.D. Cal. Dec. 14, 2008)...................... 9

19

20

**STATE CASES**

21

*Arnesen v. Raymond Lee Organization, Inc.*
  31 Cal. App. 3d 991 (1973)................................................................... 3

22

*Hale v. Bohannon*
  38 Cal. 2d 458 (1952) ........................................................................... 7

23

24

*Henderson v. Superior Ct. of L.A. County*
  77 Cal. App. 3d 583 (1978)................................................................... 6

25

*Ledbetter Erection Corp. v. Worker's Comp. Appeals Board*
  156 Cal. App. 3d 1097 (1984)............................................................... 6

26

27

*Palmer v. Turkiye Is Bankasi A.S.*
  105 Cal. App. 3d 135 (1980)................................................................. 3

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

TABLE OF AUTHORITIES
CASE NO. 3:08-cv-00878-EDL

1
2

# TABLE OF AUTHORITIES
*(continued)*

3

**Page**

*Sammons Enterprises, Inc. v. Superior Ct. of San Francisco*
205 Cal. App. 3d 1427 (1988).................................................................. 4

*Sheard v. Sup. Ct.*
40 Cal. App. 3d 207 (1974)....................................................................... 3

*Sonora Diamond Corp. v. Superior Court*
83 Cal. App. 4th 523 (2000) .................................................................... 4

*Szabo v. Medical Information Bureau*
127 Cal. App. 3d 51 (1981)....................................................................... 3

## FEDERAL STATUTES AND RULES

28 U.S.C. 1404(a) ........................................................................................ 9
28 U.S.C. §1631 ........................................................................................... 9
Fed. R. Civ. P. 12(b)(2) ............................................................................. 3
Fed. R. Civ. P. 12(b)(3) ............................................................................. 3
Fed. R  Civ. P. 12(b)(6)............................................................................... 3
Fed. R. Civ. P. 12 (b)(7) ............................................................................ 3

## MISCELLANEOUS.

NBA, Collective Bargaining Agreement, Article XIII, §1 ........................... 8

TABLE OF AUTHORITIES
CASE NO.:  CV 08 0878

**SQUIRE, SANDERS &
DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

## NOTICE OF MOTION AND MOTION

ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on May 20, 2007 at 1:15 p.m., or as soon thereafter as counsel can be heard in the above-entitled Court located at 450 Golden Gate Ave., Courtroom E, San Francisco, California, Defendant Merle Scott ("Scott") will and hereby does move to dismiss Plaintiff Bill A. Duffy, Inc d/b/a BDA Sports Management's ("Duffy" or "Plaintiff") Complaint for lack of personal jurisdiction, failure to join an indispensable party, failure to state a claim upon which relief can be granted and improper venue. This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities included herewith, the Declaration of Scott being filed contemporaneously herewith, and such other evidence or oral argument as may be presented to the Court at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND FACTS

Plaintiff attempts to hale defendant Scott, an individual Florida resident, before this Court based on an alleged written agreement between the parties. Scott disputes that any written agreement was ever entered into by the parties, and specifically disputes the vague terms of any agreement as alleged by the Plaintiff.[1]  It is undisputed that, any negotiations or discussions regarding the parties' relationship took place in Florida and any business conducted in furtherance of that discussion was performed in Florida. *See* Declaration of Merle Scott ("Scott Declaration") at ¶ 11, 19. Moreover, the parties contemplated that Florida would be the place of performance of any agreement between them. *See id.* at ¶¶ 6, 7-10.

Scott is a certified NBA Sports Agent. He has been engaged in the sports agent business for approximately 15 years. Prior to becoming an agent, Scott played professional basketball both domestically and in South America. *See* Scott Declaration at ¶ 5. While in South America he developed a unique knowledge of the overseas market and became a fluent Spanish Speaker. *See* Scott Declaration at ¶ 6. This made him a very attractive candidate for BDA who was

---

[1] Notably, as more fully argued herein, Plaintiff fails to attach any written agreement to his Complaint and fails to adequately describe any alleged contract terms.

SCOTT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-
3492

interested in expanding its presence and representation in the South American basketball arena. *See* Scott Declaration at ¶ 8.  Scott's residence and established business and reputation as an agent in Miami Florida were also key factors influencing negotiations between Scott and BDA since Miami is the "gateway to Latin America" and has significant South American ties. Additionally, Scott had developed a relationship with several players and coaches at the University of Miami as well as the Miami Heat Franchise.  Scott Declaration at ¶¶ 9-10.

In or around 2004, Duffy approached Scott about the possibility of setting up a BDA office in Miami.  Scott Declaration at ¶ 7.  The majority, if not all negotiations concerning this potential business relationship occurred via telephone from Scott's office in Miami.   The parties never entered into a formal written agreement concerning Scott's relationship with BDA.  *See* Scott Declaration at ¶ 12.  After joining BDA as an independent contractor, Scott set up a BDA office in Coconut Grove, Florida.  BDA sent correspondence to that location addressed to "BDA Sports Management."  Scott ran all of his agent operations from that location.  Scott never set up a California office, never established a California phone or fax number, or mail box.  Scott never received any correspondence at the BDA California office, nor did he ever establish any bank accounts in California.  *See* Scott Declaration at ¶¶ 16-17.

The nature of Scott's business has always required significant travel throughout the world.   Throughout his business relationship with BDA, the majority of Scott's business was conducted in or from his office or home in Florida.   He traveled to California approximately four times per year during his three year business relationship with BDA.  *See* Scott Declaration at ¶¶ 17, 18, 20.

Scott is the President of United Sports & Entertainment Group LLC ("United").  United was incorporated in 2002 and has its principal place of business in Florida.  United does not maintain any offices in this state, has no employees in this state, nor has United entered into any contracts in this state.   Any payments or reimbursements to Scott during the course of his business relationship with BDA were paid to United and deposited into a Florida bank account. United is an indispensable party to this action.  *See* Scott Declaration at ¶¶ 3, 19.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-
3492

SCOTT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
- 2 -

Plaintiff failed to join United as a defendant to this action.  This failure is fatal to Plaintiff's Complaint and warrants dismissal under Fed. R. Civ. P. 12 (b)(7).  Moreover, as established herein, any contacts Scott has with California are attenuated at best and not sufficient to establish personal jurisdiction.   Accordingly, this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).   Alternatively, this case should be transferred to the Southern District of Florida as a more convenient and appropriate forum.  *See* Fed. R. Civ. P. 12(b)(3).

## II.    LEGAL ARGUMENT

### A.    There is no Personal Jurisdiction Over Scott

Scott is not a resident of California.  *See* Scott Declaration at ¶ 1.  An action against a foreign defendant may be maintained in a California court only if personal jurisdiction exists over the defendant.  Personal jurisdiction is determined by the applicable state personal jurisdiction statute and constitutional principles of due process.  *Econ. Research Services, Inc. v. Northwestern Corp.*, 2007 U.S. Dist. LEXIS 95441, No.C-07-04175 EDL, at *5 (E.D. Cal. Dec. 21, 2007) citing *Data Disc. Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977).  Plaintiff bears the burden of establishing that venue is in the proper forum.  In determining whether the plaintiff has presented a prima facie case, the court must assume the truth of well-pled allegations in the complaint that are not contradicted.  *See id.* at *7, citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).  Once a defendant has contradicted allegations contained in the complaint, plaintiff may not rest on the pleadings, but must present admissible evidence, which if believed, would support the court's exercise of personal jurisdiction.  *See Econ. Research Services, Inc.*, 2007 U.S. Dist. LEXIS at *7 citing *Data Disc.*, 557 F.2d at 1284; *see also Szabo v. Medical Information Bureau,* 127 Cal. App. 3d 51, 53 (1981); *Arnesen v. Raymond Lee Organization, Inc.*, 31 Cal. App. 3d 991, 994 (1973); *Sheard v. Sup. Ct.,* 40 Cal. App. 3d 207, 212 (1974) (stating that an unverified complaint has no evidentiary value in determination of personal jurisdiction); *Palmer v. Turkiye Is Bankasi A.S.,* 105 Cal. App. 3d 135, 148-149 (1980) ("An affidavit that recites only ultimate facts or conclusions of law is thus insufficient.").

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-
3492

SCOTT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT                    - 3 -

1

2          Due process requirements allow California courts to exert personal jurisdiction only where

3   the nonresident defendant has sufficient minimum contacts with the state so that maintenance of

4   the suit does not offend traditional notions of fair play and substantial justice.  *See Econ.*

5   *Research Services, Inc.*, 2007 U.S. Dist. LEXIS at *5-6 citing  *International Shoe Co. v. Wash.*,

6   326 U.S. 310, 316 (1945); *see also BDC Advisors, LLC v. JFK Health Systems, Inc.*, 1998 U.S.

7   Dist. LEXIS 8003, No.C 98-1110 SI (N.D. Cal. May 22, 1998).  Under the broadly stated

8   jurisdictional rule of *International Shoe*, California law recognizes two ways that constitutionally

9   sufficient minimum contacts can be shown.  First, if a non-resident's activities is extensive or

10  wide-ranging or substantial, continuous or systematic, a court may exercise general jurisdiction

11  with respect to any cause of action asserted against a nonresident.  *See Econ. Research Services,*

12  *Inc.* 2007 U.S. Dist. LEXIS at *5-6;  *see also Sammons Enterprises, Inc. v. Superior Ct. of San*

13  *Francisco*, 205 Cal. App. 3d 1427, 1434 (1988); *Sonora Diamond Corp. v. Superior Court,* 83

14  Cal. App. 4th 523, 537-542 (2000).  It is unclear from the Complaint whether Plaintiff is pleading

15  that this Court has general jurisdiction over Scott.[2]  Notwithstanding, the facts alleged here do not

16  support a finding of general jurisdiction.

17          The second manner in which minimum contacts can be established is through specific

18  jurisdiction.  The Ninth Circuit has articulated a three-part test to determine whether specific

19  jurisdiction comports with due process:  (1)  the nonresident defendant must do some act or

20  consummate some transaction within the forum state or perform some act by which he

21  purposefully avails himself of the privilege of conducting business within the forum, thereby

22  invoking the benefits and protections of its laws; (2)  the claim must be one which arises out of or

23  results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be

24  reasonable.  Each of these conditions is required for asserting jurisdiction.  *See Katerndahl v.*

25  *Brindenberg Securities*, 1996 U.S. Dist. LEXIS 22024, No. C-96-2314 MHP at *7 (N.D. Cal.

26  Dec. 6, 1996).

27          The purposeful availment requirement is meant to ensure "that a defendant will not be

28  _____

[2] From Plaintiff's very broad jurisdictional allegation, it does not appear he is attempting to establish general jurisdiction.  *See* Complaint, ¶ 4.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-
3492

haled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *See Katerndahl,* 1996 U.S. Dist. LEXIS 22024 at *7 citing *Burger King v. Rudzewicz,* 471 U.S. 462 (1985).  All of Plaintiff's allegations in the present case relate to an alleged agreement between BDA and Scott.  In contract actions, the Supreme Court has held that the existence of an interstate contract in and of itself is not sufficient to establish the purposeful availment element of the minimum contacts analysis.   In determining whether an interstate contractual relationship, such as the alleged contract at issue, is sufficient to establish purposeful availment, we must examine the prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.  *See id.*

Plaintiff's Complaint is notably lacking in detail with regard to any of these factors.  As established in Scott's Declaration, however, Scott is a certified NBA Sports Agent.  He has been engaged in the sports agent business for approximately 15 years.  Prior to becoming an agent, Scott played professional basketball both domestically and in South America.  *See* Scott Declaration at ¶ 5.  While in South America he developed a unique knowledge of the overseas market and became a fluent Spanish Speaker.  *See* Scott Declaration at ¶ 6.  This made him a very attractive candidate for BDA who was interested in expanding its presence and representation in the South American basketball arena.  *See* Scott Declaration at ¶ 8.   Scott's residence and established business and reputation as an agent in Miami Florida were also key factors influencing negotiations between Scott and BDA since Miami is the "gateway to Latin America" and has significant South American ties.  Additionally, Scott had developed a relationship with several players and coaches at the University of Miami as well as the Miami Heat Franchise.  Scott Declaration at ¶¶ 9-10.   All of these factors contributed to the prior negotiations between the parties.

In or around 2004, Duffy approached Scott about the possibility of setting up a BDA office in Miami.  Scott Declaration at ¶ 7.   The majority, if not all negotiations concerning this potential business relationship occurred via telephone from Scott's office in Miami.   The parties

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-
3492

SCOTT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT                    - 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

never entered into a formal written agreement concerning Scott's relationship with BDA.  *See* Scott Declaration at ¶ 12.  Contrary to Plaintiff's blanket allegations, any acceptance of employment as an independent contractor was made over the phone from Scott's home in Miami. *See Ledbetter Erection Corp. v. Worker's Comp. Appeals Board*, 156 Cal. App. 3d 1097 (1984) ("a contract is formed at the time and place the offeree accepts and communicates his acceptance to the offeror, an oral contract consummated over the phone is deemed made where the offeree utters the words of acceptance").

After joining BDA as an independent contractor, Scott set up a BDA office in Coconut Grove, Florida (the "BDA Florida Office").  BDA sent correspondence to that location addressed to "BDA Sports Management."  Scott ran all of his operations from that location.  Scott never set up a California office, never established a California phone, fax number, or mail box.  Scott never received any correspondence at the BDA California office, nor did he never establish any bank accounts in California.  *See* Scott Declaration at ¶¶ 16-17.

Despite Plaintiff's allegations, Scott, indisputably rejected the terms of any alleged agreement that would cause all of his clients to become Plaintiff's for all purposes.  *See* Complaint at ¶ 6.  *See* Scott Declaration at ¶¶ 13-16.  Such an agreement would have placed Scott at a severe disadvantage and obliterated any perceived benefit to Scott to establish any business relationship with BDA.  Instead, any agreement would have contemplated that Scott would continue to maintain his own clients from the BDA Florida Office. *See* Scott Declaration at ¶ 15. Thus, any agreement between the parties contemplated future consequences in Florida, not California.

Indeed, it was the parties' mission to establish a meaningful BDA presence in the Florida and South American markets.  *See* Scott Declaration at ¶¶ 15-20.  Thus, Florida is the place of performance for any alleged agreement between Scott and BDA as it has the most significant relationship to the transaction and the parties.  *See Henderson v. Superior Ct. of L.A. County*, 77 Cal. App. 3d 583 (1978); *Hale v. Bohannon*, 38 Cal. 2d 458 (1952).

Plaintiff makes no factual showing as to any of the elements necessary to invoke specific

jurisdiction over Scott.   Moreover, Plaintiff makes no factual showing from which it may even be inferred that Scott purposefully availed himself of the benefits and protections of California law or had the requisite minimum contacts to establish jurisdiction.   Indeed, the facts above demonstrate that no such showing can be made.  Accordingly, the case against Scott cannot proceed in this Court, and the summons must be quashed.

      **B.**      **Even if this Court has jurisdiction over Scott, the Complaint Must be Dismissed for Failure to Join an Indispensable Party**

Notwithstanding the fatal jurisdictional flaws inherent in the Complaint, Plaintiff's Complaint also fails for failure to join an indispensable party.  Scott is the president of United which has its principal place of business in Florida.  Throughout the course of his business relationship with Plaintiff, Scott was paid various commissions and reimbursements.  These payments were paid through United.  Any contractual agreements between the parties would have been between Plaintiff and Scott, as President of United.  *See* Scott Declaration at ¶ 19.  Plaintiff has failed to join United as a necessary and indispensable party to this action and accordingly, the action fails.

Given these facts, United clearly has an interest in this case.  After a determination that a party is interested in the controversy, the court must analyze the following questions in determining whether that party is indispensable:  (1) the extent a judgment rendered in a person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  *See Anrig v. Ringsby United*, 603 F.2d 1319 (9th Cir. 1978).

In the present case, given that any agreement between the parties would have been between Plaintiff and Scott as President of United, a judgment rendered in the absence of United

1    would be insufficient and unduly prejudicial to Scott as he would be unfairly exposed to liability as

2    an individual.  Moreover, Plaintiff will have a sufficient remedy if this action is dismissed for

3    nonjoinder as the statute of limitations has not yet run and Plaintiff could re-file joining United as a

4    defendant.  Thus, dismissal for nonjoinder is warranted.  *See id.*

5

6         **C.    Plaintiff Fails to Attach or Adequately Allege or Identify the Contract
                  Allegedly Sued Upon**

7         Plaintiff's Complaint is also deficient and should be dismissed because it fails to

8    adequately set out the terms of the purported written contract allegedly agreed upon or attach a

9    copy of said contract to the complaint.  The Complaint clearly alleges that "Plaintiff and Defendant

10   entered into a <u>written</u> contract . . . ."  *See* Complaint, ¶ 5 (emphasis added).  California law

11   establishes that in order to state a valid claim for breach of contract, "the terms of the contract must

12   be set out verbatim in the body of the complaint or a copy of the written instrument must be

13   attached and incorporated by reference."  *Campell v. Allstate Ins. Co.*, 1995 U.S. Dist. LEXIS

14   21849, No. CV 95-1171-WDK, at *6 (C.D. Cal. May 17, 1995).  Given the course of conduct of

15   the parties, the ongoing negotiations and the exchange of at least two term sheets outlining the

16   terms of a potential agreement, the allegations here are simply too uncertain and indefinite to

17   ascertain under which purported agreement Plaintiff is operating.  Thus, Plaintiff's Complaint

18   should be dismissed pursuant to Fed. R Civ. P. 12(b)(6).[3]  *See id.*

19        **D.    Alternatively, This Case Should be Transferred to The Southern District of
                  Florida**

20

21        Finally, if this Court finds that personal jurisdiction over Scott exists in California, Scott

22   alternatively moves to transfer venue of this action to the Southern District of Florida.  This Court

23   has discretion to order transfer in lieu of dismissal to avoid injustice.  *See* 28 U.S.C. §1631

24   _____

     [3] Alternatively, Scott moves for a more definite statement as to precisely which alleged contract Plaintiff bases his
25   claims.

26   In addition, many of Plaintiff's claims concern the payments of certain commissions with respect to NBA Standard
     Player Agreements.  Such contracts are exclusively governed by the NBA Players' Association Collective Bargaining
27   Agreement ("CBA").  Under the express terms of the CBA, no party may enter into any agreement which is designed
     to circumvent or defeat the clear terms of the CBA or the Standard Player Agreements.  *See* CABA, Article XIII, §1.
28   Absent allegations that the purported terms of the agreement between the parties as alleged in the Complaint do not
     contradict the CBA,  Plaintiff's claims may be barred.

SCOTT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT                    - 8 -

1

2    ("Whenever a civil action is filed in a court . . . and the court finds that there is a want of

3    jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other

4    such court in which the action . . . could have been brought at the time it was filed.").  Here, given

5    the strong connection to Florida, this case could have been brought in the Southern District of

6    Florida.  The majority of the events in this case took place in Florida, and as established herein,

7    under general contract law, Florida law would likely be applied to any interpretation of any

8    agreement between the parties as the situs of performance.   Moreover, there is no indication that

9    transfer would be further futile.   Therefore, the interest of justice require transfer of this case.  *See*

10   *Econ. Research Services, Inc.* 2007 U.S. Dist. LEXIS at *12-13.[4]

## III.    CONCLUSION

11        Based on the inherent flaws contained in Plaintiff's Complaint, Scott must be dismissed

12   from this action and the lawsuit dismissed without prejudice.  Alternatively, in the interest of

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26

27   _____

[4] This Court also has the authority to transfer this case under 28 U.S.C. 1404(a). *See also Toler v. Acorn/Warn Int'l*,

28   2008 U.S. Dist. LEXIS 11539, No. CV-F-07-1585 OWW/GSA, at *23-4 (E.D. Cal. Feb, 14, 2008).

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-
3492

SCOTT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT          - 9 -

1

2     justice this case should be transferred to the Southern District of Florida as a more appropriate

3     forum.

4     Dated: April 10, 2008                          SQUIRE, SANDERS & DEMPSEY L.L.P.

5

6                                                    By:_____/s/_____

7                                                                 Michelle M. Full

8                                                    *Attorneys for Defendant*
                                                     MERLE SCOTT

9                                                    Robert C.L. Vaughan, Esq. (Admitted Pro Hac Vice)
                                                     Mia A. Burroughs, Esq. (Admitted Pro Hac Vice)
10                                                   200 South Biscayne Blvd., Suite 4000
                                                     Miami, Florida 33131
11                                                   Telephone:    (305) 577-7000
                                                     Facsimile:    (305) 577-7001
12                                                   rvaughan@ssd.com
                                                     mburroughs@ssd.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-
3492

SCOTT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT                                - 10 -

1

**CERTIFICATE OF SERVICE**

2

I, MARY ANN D. MENDOZA, am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is One Maritime Plaza, Third Floor, San Francisco, California  94111-3492.

3

4

On April 10, 2008, I served the foregoing document described as:

5

6

7

- **DEFENDANT MERLE SCOTT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION, FAILURE TO JOIN AN INDISPENSIBLE PARTY, FAILURE TO STATE A CLAIM, AND IMPROPER VENUE**

8

- **DECLARATION OF DEFENDANT MERLE SCOTT IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

9

10

11

- **[PROPOSED] ORDER GRANTING DEFENDANT MERLE SCOTT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION, FAILURE TO JOIN AN INDISPENSIBLE PARTY, FAILURE TO STATE A CLAIM, AND  IMPROPER VENUE**

12

13

☒    Via United States District Court Electronic Filing Service on the party(ies) as set forth below.

14

15

16

17

18

BROWN, HALL, SHORE & MCKINLEY
John R. Conger, Esq. (State Bar # 168114)
Bill J. Kuenzinger, Esq. (State Bar # 159168)
3031 West March Lane, Suite 230 W
Stockton, CA 95219-6500
jconger@bhsmck.com
bkuenzinger@bhsmck.com
Telephone:  (209) 477-8171
Facsimile:   (209) 477-2549

19

20

*Attorneys for Plaintiff*

21

22

23

Executed on April 10, 2008, at San Francisco, California.  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25

_____Mary Ann D. Mendoza_____        _____/s/_____
(Signature)

26

27

MIAMI/4218977.1

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California  94111-
3492

CERTIFICATE OF SERVICE