1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   Michelle M. Full (State Bar # 240973)
2  One Maritime Plaza, Suite 300
   San Francisco, CA  94111-3492
3  Telephone:  +1.415.954.0200
   Facsimile:  +1.415.393.9887
4  mfull@ssd.com

5  Robert C.L. Vaughan, Esq. (Admitted Pro Hac Vice)
   Mia A. Burroughs, Esq. (Admitted Pro Hac Vice)
6  200 South Biscayne Blvd., Suite 4000
   Miami, Florida 33131
7  Telephone:       (305) 577-7000
   Facsimile:       (305) 577-7001
8  rvaughan@ssd.com
   mburroughs@ssd.com

10 Attorneys for Defendant
   MERLE SCOTT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| BILL A. DUFFY, INC., a California corporation d/b/a BDA SPORTS MANAGEMENT,<br><br>            Plaintiff,<br><br>    vs.<br><br>MERLE SCOTT,<br><br>            Defendant. | Case No.  3:08-cv-00878-EDL<br><br>**[E-Filing]**<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT MERLE SCOTT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION, FAILURE TO JOIN AN INDISPENSIBLE PARTY, FAILURE TO STATE A CLAIM, AND IMPROPER VENUE**<br><br>Date: May 20, 2008<br>Time: 1:15 pm<br>Place: Courtroom E<br><br>Complaint filed: February 8, 2008<br>Judge: Hon. Elizabeth D. Laporte |

Defendant Scott respectfully submits this Proposed Order, prepared pursuant to Local Rule 7-2 (c). The text of the Proposed Order in that regard is attached hereto.

Dated: April 10, 2008          SQUIRE, SANDERS & DEMPSEY L.L.P.


By:  _____/s/_____
         Michelle M. Full

*Attorneys for Defendant*
MERLE SCOTT

Robert C.L. Vaughan, Esq. (Admitted Pro Hac Vice)
Mia A. Burroughs, Esq. (Admitted Pro Hac Vice)
200 South Biscayne Blvd., Suite 4000
Miami, Florida 33131
Telephone:   (305) 577-7000
Facsimile:     (305) 577-7001
rvaughan@ssd.com
mburroughs@ssd.com

| | |
|---|---|
| 1 | SQUIRE, SANDERS & DEMPSEY L.L.P. |
|   | Michelle M. Full (State Bar # 240973) |
| 2 | One Maritime Plaza, Suite 300 |
|   | San Francisco, CA  94111-3492 |
| 3 | Telephone:  +1.415.954.0200 |
|   | Facsimile:   +1.415.393.9887 |
| 4 | mfull@ssd.com |
| 5 | Robert C.L. Vaughan, Esq. (Admitted Pro Hac Vice) |
|   | Mia A. Burroughs, Esq. (Admitted Pro Hac Vice) |
| 6 | 200 South Biscayne Blvd., Suite 4000 |
|   | Miami, Florida 33131 |
| 7 | Telephone:    (305) 577-7000 |
|   | Facsimile:     (305) 577-7001 |
| 8 | rvaughan@ssd.com |
|   | mburroughs@ssd.com |
| 9 | |
| 10 | Attorneys for Defendant |
|    | MERLE SCOTT |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| BILL A. DUFFY, INC., a California corporation d/b/a BDA SPORTS MANAGEMENT, | Case No.  3:08-cv-00878-EDL |
| | **[E-Filing]** |
| Plaintiff, | |
| vs. | **[PROPOSED] ORDER GRANTING DEFENDANT MERLE SCOTT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION, FAILURE TO JOIN AN INDISPENSIBLE PARTY, FAILURE TO STATE A CLAIM, AND IMPROPER VENUE** |
| MERLE SCOTT, | |
| Defendant. | |
| | Date: May 20, 2008 |
| | Time: 1:15 pm |
| | Place: Courtroom E |
| | Complaint filed: February 8, 2008 |
| | Judge: Hon. Elizabeth D. Laporte |

Defendant Scott's Motion to Dismiss for lack of personal jurisdiction, failure to join an indispensable party, failure to state a claim upon which relief can be granted and improper venue or, in the alternative, to transfer in the interests of justice and convenience and Plaintiff's opposition thereto came before this Court, and was submitted on the papers with oral argument. Having considered the papers presented, and the argument of counsel set forth therein, the Court rules that Plaintiff failed to establish that Defendant Scott has purposefully availed himself of the benefits and protections of California law or had the requisite minimum contacts to establish personal jurisdiction. Accordingly, and for reasons more fully set forth herein, Scott's Motion to Dismiss is GRANTED.

## I.  RELIEF REQUESTED BY DEFENDANT'S MOTION

On February 8, 2008, Plaintiff filed a complaint against Defendant Scott, a Florida resident. Plaintiff brought claims for breach of contract, conversion, money had and received, and a constructive trust. Defendant Scott responded to the complaint with a Motion to Dismiss arguing primarily that this court lacked personal jurisdiction. In support of its Motion, Defendant filed a Declaration of Defendant Scott setting forth detailed facts support of his motion. Scott's Declaration established that Scott had no other connection to California than the purported agreement between the parties. Defendant also argued that Plaintiff failed to adequately allege a claim for breach of contract and failed to join an indispensable party. In the alternative, Defendant requested that in the interest of justice this Court transfer this case to the Southern District of Florida.

## II.  FACTS REGARDING SCOTT'S CONTACT WITH THE FORUM

The facts demonstrate that it was the parties' mission to establish a meaningful BDA presence in the Florida and South American markets. *See* Scott Declaration at ¶¶ 15-20. BDA felt that Scott, a Miami resident and fluent Spanish speaker could help achieve that goal. The majority, if not all negotiations concerning this potential business relationship occurred via telephone from Scott's office in Miami. The parties never entered into a formal written agreement concerning Scott's relationship with BDA. *See* Scott Declaration at ¶ 12. Any

acceptance of employment as an independent contractor was made over the phone from Scott's home in Miami.

After joining BDA as an independent contractor, Scott set up a BDA office in Coconut Grove, Florida (the "BDA Florida Office"). BDA sent correspondence to that location addressed to "BDA Sports Management." Scott ran all of his operations from that location. Scott never set up a California office, never established a California phone, fax number, or mail box. Scott never received any correspondence at the BDA California office, nor did he never establish any bank accounts in California. *See* Scott Declaration at ¶¶ 16-17.

### III. SHORT STATEMENT OF RATIONALE OF THE DECISION AND CITATIONS TO AUTHORTY AS TO THE RELIEF REQUESTED BY THIS MOTION

#### A.  This Court Does Not Have Personal Jurisdiction Over Scott

As established above, Scott is not a resident of California. *See* Scott Declaration at ¶ 1. An action against a foreign defendant may be maintained in a California court only if personal jurisdiction exists over the defendant. Personal jurisdiction is determined by the applicable state personal jurisdiction statute and constitutional principles of due process. *Econ. Research Services, Inc. v. Northwestern Corp.*, 2007 U.S. Dist. LEXIS 95441, No.C-07-04175 EDL, at *5 (E.D. Cal. Dec. 21, 2007) citing *Data Disc. Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977). Plaintiff bears the burden of establishing that venue is in the proper forum. In determining whether the plaintiff has presented a prima facie case, the court must assume the truth of well-pled allegations in the complaint that are not contradicted. *See id.* at *7, citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Once a defendant has contradicted allegations contained in the complaint, plaintiff may not rest on the pleadings, but must present admissible evidence, which if believed would support the court's exercise of personal jurisdiction. *See Econ. Research Services, Inc.*, 2007 U.S. Dist. LEXIS at *7 citing *Data Disc.*, 557 F.2d at 1284; *see also Szabo v. Medical Information Bureau* 127 Cal. App. 3d 51, 53

(1981); *Arnesen v. Raymond Lee Organization, Inc*. 31 Cal. App. 3d 991, 994 (1973); *Sheard v. Sup. Ct.* 40 Cal. App. 3d 207, 212 (1974) (stating that an unverified complaint has no evidentiary value in determination of personal jurisdiction); *Palmer v. Turkiye Is Bankasi A.S.,* 105 Cal. App. 3d 135, 148-149 (1980) ("An affidavit that recites only ultimate facts or conclusions of law is thus insufficient.").

Due process requirements allow California courts to exert personal jurisdiction only where the nonresident defendant has sufficient *minimum* contacts with the state so that maintenance of the suit does not offend *traditional* notions of fair play and substantial justice. *See Econ. Research Services, Inc.*, 2007 U.S. Dist. LEXIS at *5-6 citing *International Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *see also BDC Advisors, LLC v. JFK Health Systems, Inc.*, 1998 U.S. Dist. LEXIS 8003, No.C 98-1110 SI (N.D. Cal. May 22, 1998). Under the broadly stated jurisdictional rule of *International Shoe*, California law recognizes two ways that constitutionally sufficient minimum contacts can be shown. First, if a non-resident's is extensive or wide-ranging or substantial, continuous or systematic, a court may exercise general jurisdiction with respect to any cause of action asserted against a nonresident. *See Econ. Research Services, Inc.* 2007 U.S. Dist. LEXIS at *5-6; *see also Sammons Enterprises, Inc. v. Superior Ct. of San Francisco*, 205 Cal. App. 3d 1427, 1434 (1988); *Sonora Diamond Corp. v. Superior Court,* 83 Cal. App. 4th 523, 537-542 (2000). It is unclear from the pleadings whether plaintiff claims that this Court has general jurisdiction over Scott. Notwithstanding, the facts alleged here do not support a finding of general jurisdiction.

The second manner in which minimum contacts can be established is through specific jurisdiction. The Ninth Circuit has articulated a three-part test to determine whether specific jurisdiction comports with due process: (1) the nonresident defendant must do some act or consummate some transaction within the forum state or perform some act by which he

purposefully avails himself of the privilege of conducting business within the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. Each of these conditions is required for asserting jurisdiction. *See Katerndahl v. Brindenberg Securities*, 1996 U.S. Dist. LEXIS 22024, No. C-96-2314 MHP at *7 (N.D. Cal. Dec. 6, 1996).

Plaintiff failed to make a sufficient factual showing as to any of the elements necessary to invoke general or specific jurisdiction over Scott. Moreover, Plaintiff makes no factual showing from which it may even be inferred that Scott purposefully availed himself of the benefits and protections of California law or had the requisite minimum contacts to establish jurisdiction. Indeed, the facts demonstrated by Scott and detailed above reveal that no such showing can be made. Accordingly, the case against Scott cannot proceed in this Court, and the summons must be quashed pursuant to Fed. R. Civ. P. 12(b)(2).

Given the lack of personal jurisdiction over Defendant Scott, this Court need not address Defendant's arguments regarding the other deficiencies in Plaintiff's Complaint.

## II. CONCLUSION

IT IS HEREBY ORDERED that Scott's Motion to Dismiss for lack of personal jurisdiction is GRANTED in its entirety.

DATE:_____    _____
                                 Hon. Elizabeth D. Laporte UNITED STATES
                                 DISTRICT JUDGE