1  JOHN R. CONGER, Esq./SB# 168114
   BILL J. KUENZINGER, Esq./SB#159168
2  BROWN, HALL, SHORE & McKINLEY
   3031 West March Lane, Suite 230 West
3  Stockton, CA 95219-6500
   Telephone: (209) 477-8171
4  Facsimile: (209) 477-2549

5

6  Attorneys for Plaintiff

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11
    BILL A. DUFFY, INC. a California          Case No. 3:08-cv-00878-EDL
12  corporation dba BDA SPORTS
    MANAGEMENT,                               JOINT CASE MANAGEMENT
13                                            CONFERENCE STATEMENT
                                Plaintiff,
14                                            TRIAL DATE: NONE SET
15  vs.

16  MERLE SCOTT, an individual,

17                                Defendant.

18      The parties of the above-entitled action jointly submit this Case Management Statement.

19  1.      JURISDICTION AND SERVICE:

20      Defendant Merle Scott has filed a motion to dismiss for lack of personal jurisdiction, failure to

21  state a claim, and improper venue. That motion is set to be heard concurrently with the case

22  management conference. Defendant's stated challenge to this court's jurisdiction over him is that he

23  resides in Florida and the business that he conducted with plaintiff was outside of this state.

24  Alternatively, Defendant has moved to transfer venue to Miami, Florida in the interest of justice.

25  Defendant maintains that he never entered into any contract with the Plaintiff. Moreover, any business

26  conducted by Defendant during his business relationship with the Plaintiff occurred primarily from

27  Defendant's home office located in Miami, Florida. Defendant's contacts with California were

28

{00062392.}                              - 1 -

1  attenuated at best and for the large part invited by the Plaintiff and/or originated from Plaintiff's

2  unilateral actions.

3       Plaintiff contends that this court has personal jurisdiction over defendant as he entered an

4  agreement with plaintiff that was negotiated here and formed an ongoing relationship with the citizens

5  of this state including plaintiff during which he had regular and frequent contacts with the state.

6      **2.    A BRIEF DESCRIPTION OF THE EVENTS OF THE UNDERLYING ACTION:**

7       Plaintiff contends that it had a written three year agreement with defendant under which

8  defendant would act as a player representative for plaintiff's clients who are professional basketball

9  players. At the end of the agreement's three-year term it was not extended or renewed. Under its

10  terms, though, after its termination all clients for who defendant had been the player representative

11  would remain the clients of plaintiff until such time as the client terminated the representation.

12       Plaintiff's business is such that it receives a set fee equal to a percentage of the client's

13  basketball contract. For example, if the client has a contract with a professional basketball team under

14  which the player receives one million dollars annually, plaintiff would receive 4% or $40,000 for its

15  management services to that player annually.

16       Plaintiff would then, under the terms of the player representative agreement pay a set

17  percentage of those fees to that client's BDA player representative. Defendant was paid in accordance

18  with this procedure during the term of the agreement. Upon the termination of his relationship with

19  BDA, defendant was entitled to no further payments.

20       Upon the termination of his relationship with BDA, and in violation of his agreement with

21  BDA, defendant took steps to cause certain of BDA's clients to pay him BDA's fees directly.

22  Defendant has refused to return these monies and converted them to his own use. The value of the

23  revenues that defendant is diverting from plaintiff will exceed $1,300,000.

24       Defendant contends that he did not enter into any such agreement. Moreover, Defendant who

25  has been in the sports agent business for approximately 15 years both independently and with

26  associated agencies, specifically objected to BDA's suggested contract terms which would require all

27  of his clients to be turned over to BDA. Such an unbalanced agreement would not have made business

28

{00062392.}

CV 08 0878-EDL            JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1  sense to Defendant who at the time of initiating a business relationship with BDA, already had his own

2  book of established clients and recruits.

3  Moreover, Plaintiff failed to carry out the terms of this purported contract alleged in his

4  Complaint. By way of example, although the purported contract and Plaintiff's allegations indicate

5  that Defendant was paid a salary by BDA throughout the term of the purported agreement, this did not

6  occur. Defendant has not taken any wrongful action following his business relationship with BDA and

7  has only continued to represent those clients who he recruited and signed through his own independent

8  efforts.

9  **3.   LEGAL ISSUES:**

10  This is a straight forward breach of contract matter which gives rise to plaintiff's other claims

11  for conversion and constructive trust. At this stage in the pleadings, Defendant reserves his right to

12  amend any legal issues that may arise with respect to any potential counter-claims that may be brought

13  at the time of his answer.

14  **4.   NECESSARY PARTIES:**

15  Defendant's motion to dismiss for failure to name an indispensable party is due to be heard on

16  May 20, 2008.

17  **5.   MOTIONS:**

18  Defendant's motion to dismiss, as referenced above, is set to be heard on May 20, 2008. No

19  other motions are presently anticipated.

20  **6.   EVIDENCE PRESERVATION:**

21  All documents related to this matter are being maintained.

22  **7.   DISCLOSURES:**

23  Disclosures will take place pursuant to code unless the parties stipulate otherwise.

24  **8.   DISCOVERY:**

25  No discovery has been undertaken to date. The parties anticipate conducting discovery as

26  allowed under FRCP 26(f).

27  **9.   CLASS ACTION:**

28  This is not a class action.

{00062392}

CV 08 0878-EDL                          JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**10.    RELATED CASES:**

None.

**11.    RELIEF SOUGHT:**

Plaintiff seeks the return of all monies converted by defendant in breach of their contract and the cessation of any future acts of conversion. The monetary sum presently at issue is approximately $1,300,000. At this stage in the pleadings, Defendant reserves his right to amend any relief that may be associated with any potential counter-claims that may be brought at the time of his answer.

**12.    SETTLEMENT AND ADR:**

The parties have met and conferred regarding ADR, but due to the early stage of the case have not determined which method would best serve their interest.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties have consented.

**14.    OTHER REFERENCES:**

Unknown at this early stage of the case.

**15.    NARROWING OF ISSUES:**

The issues are fairly narrow as is and can be summed up as follows: (a) Was there a valid agreement between the parties and (b) Did defendant breach an agreement with plaintiff and wrongfully take monies rightfully belonging to plaintiff? At this stage in the pleadings, Defendant reserves his right to amend this narrow statement of the issues subject to any potential counter-claims that may be brought at the time of his answer.

**16.    EXPEDITED SCHEDULE:**

It is believed that this matter could be handled on an expedited basis.

**17.    SCHEDULING:**

| | |
|---|---|
| Disclosure of experts: | 120 days. |
| Discovery cutoff: | 180 days. |
| Dispositive motions: | 240 days. |
| Pretrial conference: | 240 days. |
| Trial: | 270 days. |

{00062392.}

- 4 -

1    **18.    TRIAL**

2    The matter shall be tried to the court. Three days.

3    **19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

4    Plaintiff has filed the "Certification of Interested Entities or Persons" containing the following:

5    1.    BILL A. DUFFY, INC. a California corporation.

6    2.    BDA Sports Management.

7    3.    William A. Duffy and Jamese C. Duffy as Trustees of the Duffy Family Revocable

8    Trust dated November 5, 2000.

9    The interested parties on behalf of Defendant are as follow:

10    1.    Isaac Merle Scott, III, an individual

11    2.    United Sports & Entertainment Group LLC, a Maryland Limited Liability Corporation.

12    **20.    OTHER MATTERS:**

13    None.

14    Dated: 5/13/08                        _____
                                            JOHN R. CONGER, Counsel for Plaintiff
15

16

17    Dated: 5/13/08                        _____
                                            MIA A. BURROUGHS, Counsel for Defendant
18

19
MIAMI/4221045.1
20

21

22

23

24

25

26

27

28

CV 08 0878-EDL                          JOINT CASE MANAGEMENT CONFERENCE STATEMENT