IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL A DUFFY, | No. C-08-00878 EDL |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| MERLE SCOTT, | |
| Defendant. | |

In this breach of contract case, Defendant Merle Scott moved to dismiss, arguing that the Court lacks personal jurisdiction over him, that Plaintiff failed to join an indispensable party, that Plaintiff failed to state a claim for which relief could be granted and that venue is improper in California.[1] Plaintiff opposed the motion. Defendant did not file a reply. On May 20, 2008, the Court held a hearing on Defendant's Motion to Dismiss. For the reasons stated at the hearing and in this Order, the Motion is denied without prejudice.

**Background**

Plaintiff is a corporation doing business as BDA Sports Management that provides management services to professional basketball players. Compl. ¶ 1; Duffy Decl. ¶ 2. Defendant is a certified NBA sports agent. See Scott Decl. ¶ 2. For the past six years, Defendant has been the President of United Sports and Entertainment Group LLC, and has represented clients all over the

---

[1] At the hearing, Defendant's counsel stated that it was not pursuing its motion to dismiss on the grounds of failure to join an indispensable party or failure to state a claim.

world from his Coconut Grove, Florida office. See id. ¶¶ 3-4.

Plaintiff alleges that on or about April 1, 2004, Plaintiff and Defendant entered into a written contract in Walnut Creek, California under which Defendant would act as a certified National Basketball Association agent for purposes of recruiting and managing NBA basketball players, and negotiating contracts for such players. Compl. ¶¶ 5, 8; Duffy Decl. ¶ 5. According to the complaint, the contract provided that all clients are Plaintiff's clients, whether managed by Defendant or by other agents of Plaintiff, except that during the first two years of the agreement, existing clients of Defendant prior to April 1, 2004 would remain separate from Plaintiff's in terms of revenue, and that as of July 1, 2006 all existing clients of Defendant would become clients of Plaintiff for all purposes. Compl. ¶ 6. Plaintiff alleges that it paid Defendant expenses, as well as a salary plus commissions. Compl. ¶ 7. The contract expired on June 30, 2007 and was not renewed. Compl. ¶ 9. According to Plaintiff, upon expiration of the contract, Defendant breached the contract by demanding and receiving from certain players or their financial advisors, payment of all fees that are and were due to Plaintiff instead. Compl. ¶ 10.

Defendant states that he never entered into a written agreement with Plaintiff. See Scott Decl. ¶ 12. He states that the majority if not all of the negotiations and discussions regarding his potential business relationship with Plaintiff occurred from Defendant's Miami office. See id. ¶ 11. He states that he received at least two term sheets outlining the terms of his relationship with Plaintiff, to which he objected. See id. ¶¶ 13-14. He states that he joined Plaintiff as an independent contractor, opening an office in Coconut Grove, Florida. See id. ¶ 16. He states that he never received a salary from Plaintiff, and that any commission payments were paid to United Sports and Entertainment Group in Florida. See id. ¶ 19.

**Discussion**

**1.    The Court has personal jurisdiction over Defendant.**

Personal jurisdiction is determined by the applicable state personal jurisdiction statute and constitutional principles of due process. See Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F. 2d 1280, 1286 (9th Cir. 1977). Due process requirements allow California courts to exert personal jurisdiction only where the nonresident defendant has sufficient minimum contacts with the state so

that maintenance of the suit does not offend traditional notions of fair play and substantial justice. See, e.g., International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Under the broadly stated jurisdictional rule of International Shoe, California law recognizes two ways that constitutionally sufficient minimum contacts can be shown. Farris v. Capt. J.B. Fronapfel Co., 182 Cal. App. 3d 982, 987 (1986). First, if the nonresident's activities are "extensive or wide-ranging" or "substantial . . . continuous or systematic," a court may exercise general jurisdiction with respect to any cause of action asserted against a nonresident. Id. (citations omitted); see also Amoco Egypt Oil Co. v. Leonis Nav. Co., 1 F.3d 848, 851 n3 (9th Cir. 1993) (noting courts have "regularly declined to find general jurisdiction even where the contacts were quite extensive"). Plaintiff does not focus on general jurisdiction.

Second, if pervasive contacts are lacking, due process allows exercise of specific personal jurisdiction when the claim arises out of the nonresident's activities within or affecting the forum state under the following circumstances:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) The claim must be one which arises out of or results from the defendant's forum-related activities; (3) Exercise of jurisdiction must be reasonable.

Data Disc, 557 F.2d at 1286.

Plaintiff bears the burden of establishing that this matter is in the proper forum. See Data Disc, 557 F.2d at 1285; see also Schwarzer, Federal Civil Procedure Before Trial §§ 9:135-36, 9:140 ("Logically the burden should rest with plaintiff. The party that invokes the court's jurisdiction should have the burden of establishing both its jurisdiction and that it is a 'proper' forum."). In determining whether the plaintiff has presented a prima facie case, the Court must assume the truth of well-pled allegations in the complaint that are not contradicted. See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002) (un-controverted allegations in complaint must be taken as true; conflicts between affidavits must be resolved in plaintiff's favor). Once the defendant has contradicted allegations contained in the complaint, plaintiff may not rest on the pleadings, but must present admissible evidence which, if true, would support the court's exercise of personal jurisdiction. See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd, 328 F.3d

3

1122, 1129 (9th Cir. 2003) ("Here, the district court acted on the defendant's motion to dismiss without first holding an evidentiary hearing. In such a case, the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss. [citation omitted]. [Plaintiff] 'need only demonstrate facts that if true would support jurisdiction over the defendant.' [citation omitted]. Unless directly contravened, [Plaintiff's] version of the facts is taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.' [citation omitted].").

### a. Purposeful availment

The purposeful availment requirement is met if Defendant engaged in "significant activities" within California or has created "continuing obligations" between itself and the forum. Gray & Co. v. Firestenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990). The availment must be purposeful, and will not be found where the defendant's contacts with the forum occurred solely by the actions of the plaintiff or of a third party. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 n17 (1985). The purposeful availment prong can be satisfied by "purposeful availment of the privilege of doing business in the forum, by purposeful direction of activities at the forum; or by come combination thereof." Yahoo! Inc. v. La Lique Contre Le Rasime et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006). In contract cases, courts "typically inquire whether a defendant 'purposefully avails itself of the privilege of conducting activities' or 'consummate[s][a] transaction' in the forum, focusing on activities such as delivering goods or executing a contract." Yahoo!, 433 F.3d at 1206.

Here, the parties have presented conflicting evidence on the issue of purposeful availment. The complaint alleges that the contract at issue was executed in California with Defendant, who is a Florida resident. Duffy Decl. ¶ 5; Scott Decl. ¶ 1 (attesting to his Florida residency). Mr. Duffy states in his declaration that the negotiations preceding the execution of the contract occurred over a number of days in Walnut Creek, California. Duffy Decl. ¶ 5. Defendant does not clearly deny his contacts with California, but denies entering into a written agreement with Plaintiff. Scott Decl. ¶ 12. He also states, however, that the "majority, if not all of the negotiations and discussions"

4

1  regarding a potential business relationship took place in Florida (see id. ¶ 11), not denying that some
2  negotiations may have occurred in California as asserted by Plaintiff.  Further, Defendant states that
3  he joined Plaintiff as an independent contractor and opened his Coconut Grove office (see id. ¶ 16),
4  thereby conceding at least some type of business relationship with Plaintiff.  Defendant states,
5  however, that he never set up a California office, never established a California fax, phone number
6  or mailbox, never received any correspondence at Plaintiff's California office, and never set up a
7  bank account here.  See id. ¶¶ 16-17.

8      Mr. Duffy also states that Defendant represented clients under the contract around the nation,
9  including California, where Plaintiff had a client playing for the Los Angeles Lakers.  Duffy Decl. ¶
10 12.  Mr. Duffy states that Defendant recruited clients in California, participated in client contract
11 negotiations and promotions here and regularly communicated with Plaintiff's home office in
12 Walnut Creek.  See id.  Mr. Duffy states that Defendant traveled to California for meetings with
13 Plaintiff multiple times per year during the contract.  See id. ¶ 13.  Defendant confirms that during
14 his business relationship with Plaintiff, he traveled to California approximately four times per year.
15 See Scott Decl. ¶ 18.

16     Mr. Duffy also states that Defendant was supported and funded by Plaintiff in California,
17 including all business matters.  See Duffy Decl. ¶ 13   Mr. Duffy states that all promotional activities
18 were funded by Plaintiff in California.  See id.  Finally, Mr. Duffy states that all of Plaintiff's clients
19 serviced by Defendant were billed for his services from California, and all payments from Plaintiff's
20 clients on which Defendant's compensation was calculated were collected by Plaintiff in California.
21 See id. ¶ 14.  Defendant claims that he never received a salary from Plaintiff, and that all payments
22 were made to United, and that any agreement he did enter into with Plaintiff would have been in his
23 position as the President of United.  See Scott Decl. ¶ 19.

24     The Court must resolve conflicts in the evidence in Plaintiff's favor.  Accordingly, if
25 Plaintiff's evidence is true, it has made a prima facie showing of purposeful availment.

26     **b.**    **Arises out of**

27     A controversy arises out of contacts with California if the injury would not have occurred
28 "but for" the forum-related conduct.  See Myers v. Bennett Law Offices, 238 F.3d 1068, 1075 (9th

5

1  Cir. 2000); see also Shute, 897 F.2d at 385-86 (adopting liberal "but for" causation approach rather
2  than the "proximate cause" analysis used by certain other circuits); cf. id. at 386 n7 ("where a
3  defendant has only one contact with the forum state, a close nexus between its forum-related
4  activities and the cause of the plaintiffs' harm may be required") (citing Lake v. Lake, 817 F.2d
5  1416, 1421 (9th Cir. 1987)).  As stated above, the Court resolves conflicts in evidence in favor of
6  Plaintiff.  Therefore, assuming for purposes of this motion that a written contract exists between the
7  parties that was executed in California, Plaintiff would not have suffered the injury complained of
8  but for the forum related activity.

      **c.**    **Reasonableness**

10       Once plaintiff has established first two prongs, defendant can defeat jurisdiction only by
11 showing a compelling case.  Burger King Corp., 471 U.S. at 472-73, Telemac Corp. v. Phonetec, LP,
12 2005 WL 701605, *5 (N.D. Cal. Mar. 25, 2005) (J. Wilken).  Whether the defendant has a
13 compelling case is analyzed by balancing the seven Burger King factors: (1) the extent of
14 defendant's purposeful interjection into California's affairs; (2) the burden on the defendant of
15 defending in California; (3) the extent of the conflict with the sovereignty of the defendant's state
16 (here, Florida); (4) California's interest in adjudicating the dispute; (5) the most efficient judicial
17 resolution of the controversy; (6) the importance of California to plaintiff's interest in convenient
18 and effective relief; and (7) the existence of alternative forum.  See Stomp, Inc. v. NeatO, LLC, 61
19 F. Supp. 2d 1074, 1079 (C.D. Cal. 1999).  Here, Defendant did not file a reply addressing the
20 reasonableness issue and did not cover it in its moving papers.  However, examination of the
21 evidence in the record and of the arguments made at the hearing in light of the Burger King
22 reasonableness factors demonstrates that Defendant has not established that the exercise of
23 jurisdiction would be unreasonable.

24       Although the extent of purposeful interjection under the first factor is normally coextensive
25 with the analysis for purposeful availment, a determination that a defendant "purposefully availed
26 itself of California law does not obviate the need to consider the degree of its intrusion."  Multistate
27 Legal Studies, Inc. v. Marino, 1996 WL 786124, *6 (C.D. Cal. Nov. 4, 1996) (citing Ziegler v.
28 Indian River County, 64 F.3d 470, 475 (9th Cir. 1995)).  Here, not only did Defendant purposefully

avail himself of California, but on this record the degree of intrusion, including multiple visits to California during the course of the parties' business relationship, acceptance of funding from a California entity and negotiations of the contract in California, shows purposeful interjection.

As to the second factor, the burden on Defendant to litigate in California would not seem to be undue. Although Defendant has no offices here, he travels here on a regular basis. Defendant has provided no evidence of burden that would result from litigation in California. As to the third factor, Defendant has not raised any conflict with Florida and this Court is capable of applying Florida law, so this factor is neutral. As to the fourth factor, California would have an interest in adjudicating the dispute since a California company was injured, so this factor weighs against Defendant. The convenience factor weighs somewhat against finding jurisdiction as Defendant has no offices in California. California would likely be the most convenient and effective forum for Plaintiff, but courts do not usually weigh Plaintiff's convenience in balancing these factors. <u>Indiana Plumbing Supply v. Standard of Lynn</u>, 880 F. Supp. 743, 750 (C.D. Cal. 1995). The last factor, the existence of an alternative forum, weighs in favor of Defendant. However, on balance, Defendant has not made a compelling case that it would unreasonable for the Court to exercise jurisdiction.

### d. Conclusion

At this stage of the litigation, and because the Court resolves conflicting evidence in favor of Plaintiff in the absence of an evidentiary hearing, Plaintiff has made a prima facie showing of personal jurisdiction.

### 2. Venue is proper in the Northern District of California

Venue is proper in diversity cases in: (1) a district where any defendant resides if all defendants reside in the same state; (2) a district in which a substantial part of the events or omissions on which the claim is based occurred; or (3) a district in which any defendant is subject to personal jurisdiction at the time the action is commenced if there is no district in which the action may otherwise be brought. <u>See</u> 28 U.S.C. § 1391(a). Here, resolving evidentiary conflicts in favor of Plaintiff, the evidence shows that the contract was negotiated and executed in this district. Therefore, venue is proper under section 1391(a)(2) because a substantial part of the events on

which the claim is based took place here.

Because the Court finds that it has personal jurisdiction and venue is proper in the Northern District, the only basis for transferring venue would be for the convenience of the parties and witnesses. See 28 U.S.C. § 1404(a) (stating that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). Determining whether an action should be transferred pursuant to section 1404(a) is a two-step process. The transferor court must first determine whether the action "might have been brought" in the transferee court, and then the court must make an "individualized, case-by-case consideration of convenience and fairness." Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006) (citing Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985); Jones v. GNC Franchising, 211 F.3d 495, 498 (9th Cir. 2000)). To make that consideration, the Court should consider at least three factors in deciding whether to transfer a case to another court: (1) convenience of parties; (2) convenience of witnesses; and (3) the interest of justice. Ninth Circuit precedent that requires that a fourth factor be weighed: the plaintiff's choice of forum. See Securities Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). "Weighing of these factors for and against transfer involves subtle considerations" and is left to the discretion of the transferor court. Savage, 611 F.2d at 279.

Here, Defendant has not met his burden of demonstrating that transfer is appropriate under this section. His argument on this issue is contained in one sentence in a footnote, and no evidence attesting to convenience factors has been submitted. Moreover, Plaintiff's choice of forum is California. In the usual case, unless the balance of the factors weighs heavily in favor of the defendants, "the plaintiff's choice of forum should rarely be disturbed." Securities Investor, 764 F.2d at 1317; see also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("defendant must make a strong showing . . . to warrant upsetting the plaintiff's choice of forum"). The Court declines to transfer this case under section 1404(a).

//
//
//

8

//

**Conclusion**

Defendant's Motion to Dismiss is denied without prejudice. As discussed at the hearing, this order does not preclude Defendants from seeking an evidentiary hearing on the issue of personal jurisdiction at an appropriate time after the parties engage in sufficient discovery.

**IT IS SO ORDERED.**

Dated: May 23, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

9