JOHN R. CONGER, Esq./SB# 168114
BILL J. KUENZINGER, Esq./SB#159168
BROWN, HALL, SHORE & McKINLEY
3031 West March Lane, Suite 230 West
Stockton, CA 95219-6500
Telephone: (209) 477-8171
Facsimile: (209) 477-2549
E-mail: jconger@bhsmck.com
E-mail: bkuenzinger@bhsmck.com

Attorneys for Plaintiff/Counter-Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BILL A. DUFFY, INC. a California corporation dba BDA SPORTS MANAGEMENT,<br><br>Plaintiff,<br><br>vs<br><br>MERLE SCOTT, an individual,<br><br>Defendant. | Case No. **3:08-cv-00878-EDL**<br><br>**[E-FILING]**<br><br>**PLAINTIFF/COUNTER-DEFENDANT BILL A. DUFFY, INC. dba BDA SPORTS MANAGEMENT'S REPLY TO COUNTERCLAIM OF MERLE SCOTT**<br><br>**TRIAL DATE: MARCH 30, 2009** |

**COMES NOW** Counter-Defendant BILL A. DUFFY, INC. dba BDA SPORTS MANAGEMENT and in response to the Counterclaim of Counter-Plaintiff MERLE E. SCOTT ("Scott") on file herein admits, denies, and alleges as follows:

1. Counter-Defendant denies that Counter-Plaintiff has been damaged in the sum or sums alleged or in any sum or sums whatsoever.

2. The allegations contained in paragraph 1, state legal conclusions to which no response is required. To the extent that a response is required, Counter-Defendant denies each allegation therein.

3. In response to paragraph 2 Counter-Defendant admits that Scott is an individual, but denies each and every other allegation in said paragraph due to a lack sufficient information or knowledge.

4. In response to paragraph 3 Counter-Defendant admits the allegations therein.

5. In response to paragraph 4 no response is required as the allegations stated therein are legal conclusions.

6. In response to paragraph 5 Counter-Defendant denies that the action in question arises from any wrongful acts committed by it, but admits that the relationship between and actions undertaken by the parties hereto occurred in this court's jurisdiction and as a result this court has personal jurisdiction of the parties hereto.

7. In response to paragraph 6 Counter-Defendant denies each and every allegation in said paragraph due to a lack of sufficient information or knowledge.

8. In response to paragraph 7 Counter-Defendant admits that Scott worked, under written contract, with Counter-Defendant, an established sports agency. As to each and every other allegation or interpretation thereof in said paragraph Counter-Defendant denies said allegations due to a lack of sufficient information or knowledge.

9. In response to paragraph 8 Counter-Defendant denies each and every allegation in said paragraph due to a lack of sufficient information or knowledge.

10. In response to paragraph 9 Counter-Defendant denies each allegation therein.

11. In response to paragraph 10 Counter-Defendant denies each and every allegation made therein.

12. In response to paragraph 11 Counter-Defendant denies each and every allegation therein based on a lack of sufficient knowledge or information.

13. In response to paragraph 12 Counter-Defendant denies each allegation therein, except the allegation that during the alleged time period Scott decided to pursue discussions regarding a relationship with BDA, which allegation is denied due to a lack of sufficient knowledge or information.

14. In response to paragraph 13 Counter-Defendant denies each and every allegation therein based on a lack of sufficient knowledge or information.

15. In response to paragraph 14 Counter-Defendant denies each and every allegation made therein.

16. In response to paragraph 15 Counter-Defendant denies each and every allegation therein.

17. In response to paragraph 16 Counter-Defendant denies each and every allegation therein.

18. In response to paragraph 17 Counter-Defendant denies each and every allegation therein.

19. In response to paragraph 18 Counter-Defendant admits Bill A. Duffy and Scott discussed the concerns surrounding Scott's performance in or about 2006. The remaining allegations in this paragraph are denied.

20. In response to paragraph 19 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information.

21. In response to paragraph 20 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information.

22. In response to paragraph 21 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information.

23. In response to paragraph 22 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information.

24. In response to paragraph 23 Counter-Defendant denies each and every allegation therein.

25. In response to paragraph 24 Counter-Defendant denies each and every allegation therein.

26. In response to paragraph 25 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information.

27. In response to paragraph 26 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information.

28. In response to paragraph 27 Counter-Defendant denies each and every allegation therein.

29. In response to paragraph 28 Counter-Defendant denies each and every allegation therein.

30. In response to paragraph 29 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information, and the vague and ambiguous phrasing of said allegations

31. In response to paragraph 30 Counter-Defendant denies each and every allegation therein.

32. The allegations contained in paragraph 31 state legal conclusions to which no response is required. To the extent that a response is required, Counter-Defendant denies each allegation therein.

33. The allegations contained in paragraph 32 state legal conclusions to which no response is required. To the extent that a response is required, Counter-Defendant denies each allegation therein.

34. In response to paragraph 33 Counter-Defendant admits that Scott was incorrectly paid agent fees by Robert Hite during the subject time period, but denies each and every allegation therein beyond that.

35. In response to paragraph 34 Counter-Defendant denies each and every allegation therein.

36. In response to paragraph 35 Counter-Defendant admits that Scott has received commissions and agency fees on contracts entered into during his relationship with Counter-Defendant, but denies each and every allegation therein beyond that

37. In response to paragraph 36 Counter-Defendant denies each and every allegation therein.

38. The allegations contained in paragraph 37 state legal conclusions to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation therein.

39. In response to paragraph 38 Counter-Defendant realleges and incorporates its answers to paragraphs 1 through 37 as if fully set forth herein.

40. In response to paragraph 39 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information, and the vague, non-specific phrasing of said allegations.

41. In response to paragraph 40 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information, and the vague, non-specific phrasing of said allegations.

42. In response to paragraph 41 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information, and the vague, non-specific phrasing of said allegations.

43. In response to paragraph 42 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information, and the vague, non-specific phrasing of said allegations.

44. In response to paragraph 43 Counter-Defendant denies each and every allegation therein.

45. The allegations contained in paragraph 44 state legal conclusions to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation therein.

46. In response to paragraph 45 Counter-Defendant realleges and incorporates its answers to paragraphs 1 through 37 as if fully set forth herein.

47. In response to paragraph 46 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information, and the vague, non-specific phrasing of said allegations.

48. In response to paragraph 47 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information, and the vague, non-specific phrasing of said allegations.

49. In response to paragraph 48 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information, except it denies outright the allegation that its actions impaired Scott's signing of any clients.

50. In response to paragraph 49 Counter-Defendant denies each and every allegation therein due to a lack of sufficient knowledge or information, and the vague, non-specific phrasing of said allegations.

51. In response to paragraph 50 Counter-Defendant denies each and every allegation therein.

52. In response to paragraph 51 Counter-Defendant denies each and every allegation therein.

53. In response to paragraph 52 Counter-Defendant denies each and every allegation therein.

54. The allegations contained in paragraph 53 state legal conclusions to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation therein.

55. In response to paragraph 54 Counter-Defendant realleges and incorporates its answers to paragraphs 1 through 37 as if fully set forth herein.

56. In response to paragraph 55 Counter-Defendant denies each and every allegation therein.

57. In response to paragraph 56 Counter-Defendant denies each and every allegation therein.

58. The allegations contained in paragraph 57 state legal conclusions to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation therein

59. The allegations contained in paragraph 58 state legal conclusions to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation therein.

60. In response to paragraph 59 Counter-Defendant denies each and every allegation therein.

61. In response to paragraph 60 Counter-Defendant realleges and incorporates its answers to paragraphs 1 through 37 as if fully set forth herein.

62. In response to paragraph 61 Counter-Defendant denies each and every allegation therein.

63. In response to paragraph 62 Counter-Defendant denies each and every allegation therein.

64. In response to paragraph 63 Counter-Defendant denies each and every allegation therein.

65. In response to paragraph 64 Counter-Defendant realleges and incorporates its answers to paragraphs 1 through 37 as if fully set forth herein.

66. In response to paragraph 65 Counter-Defendant denies each and every allegation therein.

67. The allegations contained in paragraph 66 state legal conclusions to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation therein.

68. In response to paragraph 67 Counter-Defendant realleges and incorporates its answers to paragraphs 1 through 37 as if fully set forth herein.

69. In response to paragraph 68 Counter-Defendant denies each and every allegation therein given its vague, non-specific phrasing of said allegations.

70. In response to paragraph 69 Counter-Defendant denies each and every allegation therein.

71. In response to paragraph 70 Counter-Defendant denies each and every allegation therein.

72. In response to paragraph 71 Counter-Defendant denies each and every allegation therein.

73. In response to paragraph 72 Counter-Defendant denies each and every allegation therein.

74. The allegations contained in paragraph 73 state legal conclusions to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation therein.

75. In response to paragraph 74 Counter-Defendant realleges and incorporates its answers to paragraphs 1 through 37 as if fully set forth herein.

76. In response to paragraph 75 Counter-Defendant admits that Scott was to perform activities geared at recruiting clients for Counter-Defendant, beyond this sole admission each and every allegation in this paragraph is denied.

77. In response to paragraph 76 Counter-Defendant denies each allegation therein

78. In response to paragraph 77 Counter-Defendant denies each and every allegation therein.

79. In response to paragraph 78 Counter-Defendant denies each and every allegation therein.

80. The allegations contained in paragraph 79 state legal conclusions to which no response is required. To the extent a response is required, Counter-Defendant denies each and every allegation therein.

## AFFIRMATIVE DEFENSES

### FAILURE TO STATE A CAUSE OF ACTION

As a separate and distinct affirmative defense to Counter-Plaintiff's Counterclaim herein, and to each cause of action set forth therein, this answering Counter-Defendant alleges that the Counterclaim, and each cause of action therein, fails to state facts sufficient to constitute a claim for relief against this answering Counter-Defendant.

///
///

1
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

2   As a separate and distinct affirmative defense to Counter-Plaintiff's Counterclaim, and to each
3 cause of action set forth therein, this answering Counter-Defendant alleges that Counter-Plaintiff
4 breached the covenant of good faith and fair dealing incorporated into the contract which is the subject
5 of the Complaint by his/her/its own conduct and acts, and that said breach caused Counter-Defendant
6 to sustain damages which entirely offset and actually exceed any damages which are alleged to have
7 been incurred by Counter-Plaintiff herein.

8
### PERFORMANCE OF COVENANTS

9   As a separate and distinct affirmative defense to Counter-Plaintiff's Counterclaim, and to each
10 cause of action set forth therein, this answering Counter-Defendant alleges that if any contract existed
11 as alleged by Counter-Plaintiff between said Counter-Defendant and Counter-Plaintiff, this answering
12 Counter-Defendant performed each and every obligation, condition and covenant required thereby,
13 while Counter-Plaintiff failed to do so by failing to timely perform the terms and conditions thereof
14 and Counter-Plaintiff is therefor barred from any recovery as to any cause of action for breach of
15 contract.

16
### ATTORNEY'S FEES

17   As a separate and distinct affirmative defense to Counter-Plaintiff's Counterclaim, and to each
18 cause of action set forth therein, this answering Counter-Defendant alleges that there is no judicial or
19 legislative authority for awarding attorney's fees to Counter-Plaintiff on any of his/her/its causes of
20 action.

21
### SET-OFF

22   As a separate and distinct affirmative defense to Counter-Plaintiff's Counterclaim, and to each
23 cause of action set forth therein, this answering Counter-Defendant alleges that this answering
24 Counter-Defendant was caused to sustain damages in an amount according to proof and said damages
25 were incurred in an amount which sets-off either entirely or in substantial part any damages claimed by
26 Counter-Plaintiff herein.

27
### ESTOPPEL

28

As a separate and distinct affirmative defense to Counter-Plaintiff's Counterclaim, and to each cause of action set forth therein, this answering Counter-Defendant alleges that Counter-Plaintiff was fully advised of the nature of the transaction in which he/she/it participated and with full knowledge thereof, participated in said transactions of which he/she/it now complains herein and by reason thereof, said Counter-Plaintiff is estopped from obtaining any of the damages as prayed for in the Counterclaim.

### PAROL EVIDENCE RULE

As a separate and distinct affirmative defense to Counter-Plaintiff's Counterclaim, and to each cause of action set forth therein, this answering Counter-Defendant alleges that Counter-Plaintiff is barred from asserting any alleged promises or representations which are contrary to the provisions of the written agreements by reason of the Parol Evidence Rule.

### RATIFICATION

As a separate and distinct affirmative defense to Counter-Plaintiff's Counterclaim, and to each cause of action set forth therein, this answering Counter-Defendant alleges that Counter-Plaintiff is barred from any recovery because Counter-Plaintiff consented to and/or ratified each and every act of which he/she/it complains.

### WAIVER

As a separate and distinct affirmative defense to Counter-Plaintiff's Counterclaim, and to each cause of action set forth therein, this answering Counter-Defendant alleges that Counter-Plaintiff is barred from any recovery by reason of his/her/its conduct constituting a waiver of each such alleged cause of action.

### GOOD FAITH BUSINESS REASONS

This answering Counter-Defendant alleges that Counter-Defendant's conduct was made with a good faith belief that Counter-Defendant's conduct was warranted by legitimate business reasons.

### RESERVATION OF DEFENSES

Counter-Defendant alleges that Counter-Plaintiff has failed to state its claims with sufficient particularity so as to allow this answering Counter-Defendant to raise all appropriate defenses, thus

1  Counter-Defendant reserves the right to add defenses as the factual basis for Counter-Plaintiff's claims
2  become known.

3  ### NO VALID CLAIM FOR EXEMPLARY DAMAGES

4  Counter-Defendant's Counterclaim fails to state a valid claim or facts sufficient to support an
5  award of exemplary damages against Counter-Defendant.

6  **WHEREFORE**, this answering Counter-Defendant prays that Counter-Plaintiff take nothing
7  by way of his Counterclaim on file herein, for reasonable attorney's fees and costs of suit incurred
8  herein, and for such other and further relief as the court may deem proper.

9  Dated: July 17, 2008                    **BROWN, HALL, SHORE & McKINLEY**

12                                          _____
                                            JOHN R. CONGER
13                                          Attorney for Plaintiff/Counter-Defendant